UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DAVID WILLIAMS, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 1:06-cv-143 |
| ) | *Mattice/Lee* |
| STATE OF TENNESSEE; DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM

Plaintiff David Williams ("Williams"), a Tennessee Department of Correction (TDOC) inmate filed a *pro se* prisoners civil rights complaint pursuant to 42 U.S.C. § 1983 against the State of Tennessee and Department of Corrections alleging the defendants were deliberately indifferent to his serious medical condition; neglected him; punished him in violation of the Eighth Amendment; and denied him phone privileges and contact with his counsel. In his complaint, Williams indicated that he was not suing the State and Department of Corrections in their official capacities, but rather, was suing them in their individual capacities. For the reasons discussed below, Williams' complaint [Court File No. 3] will be **DISMISSED** for failure to exhaust his administrative remedies.

I. **APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application Williams lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $350.00. Accordingly, the Clerk of Court is **DIRECTED** pursuant to 28 U.S.C. § 1915(b)(4) to file this action without the prepayment of costs

1

and the filing fee. It appears that Williams possessed no money in a trust account for a period of six months prior to the filing of this complaint.

However, Williams is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Williams is an inmate or prisoner in custody at the Southeast Tennessee State Regional Correctional Facility ("STSRCF"), he is hereby assessed the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Williams' inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth,* 114 F.3d 601, 606 (6th Cir. 1997). However, Williams is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Williams' trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Custodian of Williams's trust account is instructed that when Williams's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth,* 114 F.3d at 606 (6th Cir., 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to disburse funds, to the Warden of STSRCF, the Custodian of Inmate Accounts at STSRCF, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to

ensure the custodian of Williams' inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[1]

The plaintiff is **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

**II.    SCREENING PURSUANT TO 42 U.S.C. § 1997e**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard,* 958 F.Supp.

---

[1] **Send remittances to the following address:**

>   Clerk, U.S. District Court
>   P.O. Box 591
>   Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3

1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

After review of the record and the applicable law, the Court concludes the § 1983 complaint [Court File No. 3] will be **DISMISSED** *sua sponte* without prejudice because it was prematurely filed.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). In order to satisfy the requirement of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance

4

concerning *each* claim stated in the complaint. *See Shorter v. Campbell*, 59 Fed.Appx.673 (6th Cir. Feb. 20, 2003), (unpublished table decision), *available in* 2003 WL 463480, *2.

Williams has failed to follow the STSRCF procedure for resolving grievance problems on the issues presented in his complaint, which has resulted in his failure to exhaust administrative remedies. Williams claims he did not raise his claims through the state prison grievance procedure because medical issues are non-grievable. However, Williams also raises non-medical claims in the instant complaint. Williams' failure to present his non-medical claims through the prison grievance procedure has resulted in his failure to exhaust his administrative remedies.

It does not appear that Williams initiated or completed the grievance procedure on his claims that STSRCF staff neglected and punished him nor his claim that he was denied telephone privileges to call his attorney. Williams has failed to demonstrate he exhausted his administrative remedies and that he exhausted each claim as to each defendant he has named in his § 1983 complaint. *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) ("[A] prisoner must administratively exhaust his or her claim as to each defendant associated with the claim[.]" *citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (a claim must be exhausted as to each defendant associated with the claim). Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, supra, for a "mixed" complaint. *Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision) *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104). The Sixth Circuit has held that dismissal of a prisoner's complaint is required when he alleges both exhausted and unexhausted claims. *See Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006)("[T]he PLRA requires total exhaustion, and that exhaustion is mandatory, even if proceeding through the administrative

5

system would be futile (quotes omitted)); *Bey v. Johnson*, 407 F.3d 805 (6th Cir.), *petition for cert. filed,* 74 U.S.L.W. 3424 (U.S. Jan. 9, 2005) (No. 05-874)( holding that when a prisoner alleges both exhausted and unexhausted claims, the PLRA requires a complete dismissal of a prisoner's complaint).

The Court has reviewed Williams' allegations concerning the exhaustion issue and finds he has not demonstrated that his administrative remedies have been exhausted as to all claims raised in his complaint. Accordingly, because Williams has the burden of showing he has exhausted his administrative remedies with respect to each claim raised in his § 1983 complaint and because Williams has failed to carry his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint, this action will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter.

      *s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE